O5u2PerA                    kjc

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,            New York, N.Y.

          v.                         23 Cr. 180 (KPF)

NESTOR ISIDRO PEREZ SALAS,

              Defendant.

------------------------------x      Arraignment

                                     May 30, 2024
                                     3:05 p.m.


Before:

              HON. KATHERINE POLK FAILLA,

                                     District Judge


                    APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  NICHOLAS S. BRADLEY
     ALEXANDER LI
     Assistant United States Attorneys


UNITED STATES DEPARTMENT OF JUSTICE
BY:  TARA J. ARNDT
     Trial Attorney – Narcotic and Dangerous Drug


JAMES R. FROCARRO
     Attorney for Defendant



Also Present:

ERIKA DE LOS RÍOS, Spanish Interpreter
```

O5u2PerA   kjc

1         (Case called)

2         THE LAW CLERK:  Will counsel please state their names

3    for the record, beginning with the government.

4         MR. BRADLEY:  Good afternoon, your Honor.  Nicholas

5    Bradley and Alexander Li for the government.  Also at counsel

6    table is Tara Arndt, trial attorney with the Narcotic and

7    Dangerous Drug Section.

8         THE COURT:  Thank you.  Good afternoon to each of you.

9         Welcome, Mr. Froccaro.  Welcome, sir.

10        MR. FROCCARO:  Good afternoon, your Honor.  James

11   Froccaro, for Mr. Perez Salas, who is present beside me, your

12   Honor, with a Spanish interpreter.

13        THE COURT:  Thank you so much.

14        Does your client prefer to be addressed as

15   Mr. Perez Salas?

16        MR. FROCCARO:  That will do, Judge.

17        THE COURT:  Thank you.

18        Mr. Perez Salas, at this time, sir, you are receiving

19   assistance from a Spanish language interpreter.  If at any time

20   you cannot hear or cannot understand what is being said, please

21   let me know or please let your attorney know because we want to

22   be sure that you can hear everything.

23        THE DEFENDANT: Yes.  Very well.  Thank you.

24        THE COURT:  You may have anticipated my question, sir,

25   but I will ask it nonetheless.  Have you heard and understood

O5u2PerA  kjc

everything that I have said so far in this proceeding?

THE DEFENDANT:  Yes, everything.

THE COURT:  Thank you, sir.

Mr. Perez Salas, one other thing.  Before you arrived in the courtroom, you may recall that at your first appearance in court you had an attorney appointed for you, or you may not have known that, but there was an attorney appointed for you.  Mr. Froccaro has entered an appearance in this case and, as a result, there wasn't the need for the appointed attorney, and so I discharged that appointed attorney and Mr. Froccaro will be representing you.

Do you understand that, sir?

THE DEFENDANT:  Yes, I understand.  Thank you.

THE COURT:  And Mr. Bradley, may I confirm with the government that, pursuant to our discussions in the robing room, it was acceptable to the government that I could discharge Mr. Patel without requiring him to be here?

MR. BRADLEY:  Yes, your Honor.

THE COURT:  Thank you very much.

And Mr. Froccaro, the same question, sir.

MR. FROCCARO:  I have no objection, Judge.

THE COURT:  Thank you so much.

All right.  Mr. Bradley, another question for you, please.

You are aware, and particularly in light of amendments

1    to Federal Rule of Criminal Procedure 5(f), that you and your
2    prosecution team have certain disclosure obligations.  You have
3    seen orders that I have issued in related cases in other
4    criminal cases.
5            May I please confirm on behalf of your team, sir, that
6    you are aware of and will comply with your discovery and
7    disclosure obligations in this case?
8            MR. BRADLEY:  Yes, your Honor.  And we will continue
9    to do so.
10           THE COURT:  Much appreciated.  Thank you.
11           Mr. Froccaro, I have been given a copy of a document
12   that's captioned in the upper right-hand corner a sealed
13   superseding indictment.  It has the docket number S1 23 Cr.
14   180.
15           Do you have a copy of that document, sir?
16           MR. FROCCARO:  I do, your Honor.
17           THE COURT:  And have you -- to the best of your
18   understanding -- to the best of your understanding, has this
19   document been translated for your client or read to your client
20   in Spanish?
21           MR. FROCCARO:  It has, your Honor.  It was read to him
22   in Spanish by one of the interpreters at the last court
23   appearance.  He's seen the whole thing.  He understands it,
24   Judge.
25           THE COURT:  Thank you.

O5u2PerA                         kjc

1            May I ask him some questions to arraign him on the
2    documents?
3            MR. FROCCARO:  Of course, your Honor.
4            THE COURT:  Thank you.
5            Mr. Perez Salas, it is -- I'm going to have you sit
6    down, sir, because I care about being able to hear you and
7    that's easier if you are close to the microphone.
8            Your attorney has advised me that you have been given
9    a copy of the sealed superseding indictment with respect to you
10   in this case.  Is that correct, sir?
11           THE DEFENDANT:  Yes, that is correct.
12           THE COURT:  Has this document been translated for you
13   into Spanish?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Have you had an opportunity to review this
16   document with one of your attorneys?
17           THE DEFENDANT:  Yes.
18           THE COURT:  Would you like me to read this document
19   into the record of the court or do you waive its public
20   reading?
21           THE DEFENDANT:  No.
22           THE COURT:  I will take no as -- that I don't need to
23   read it into the record of the court.
24           How do you plead, sir?
25           THE DEFENDANT:  Not guilty.

1          THE COURT:  We will record your not-guilty plea.
2     Thank you very much.
3          Mr. Bradley, may I hear from you or your colleagues
4     about what discovery looks like in this case and a schedule, if
5     there is one, for its production.
6          MR. BRADLEY:  Yes, your Honor.
7          This is a very substantial investigation into
8     leadership of the Sinaloa cartel stretching back for many
9     years, and we expect there will be a large volume of discovery.
10    But as to this particular defendant, the discovery would
11    consist in significant part of video recorded meetings with the
12    defendant, law enforcement reports and records, accompanying
13    photographs.
14         In addition to that, your Honor, there would be
15    evidence related to controlled purchases of fentanyl from the
16    defendant and his coconspirators and accompanying laboratory
17    reports.
18         There would also be electronic evidence including from
19    electronic device extractions.
20         We have spoken with Mr. Froccaro.  I do expect that we
21    would be able to produce a significant amount of that discovery
22    by the end of next week, with additional rolling productions to
23    follow.
24         And in terms of where we go from here, in terms of a
25    schedule, I believe the parties are in agreement that the Court

O5u2PerA                    kjc

1    setting a date in approximately 90 days would be appropriate to
2    facilitate that discovery production and that review of that
3    discovery.
4               THE COURT:  Sir, to your understanding, are there
5    witnesses who require notification under the Crime Victim
6    Rights Act?
7               MR. BRADLEY:  We have been in touch with those
8    individuals, your Honor, and we will continue to do so and
9    ensure they are notified of this and other court appearances.
10              THE COURT:  Thank you.
11              Separately, are there postarrest statements that need
12   to be disclosed to Mr. Perez Salas?
13              MR. BRADLEY:  No, your Honor.
14              THE COURT:  And are there other things specific to
15   this defendant that I should know that I don't know?
16              MR. BRADLEY:  Not at this time, your Honor.
17              THE COURT:  Okay.  Thank you.
18              Mr. Froccaro, recognizing that you are just on this
19   case, sir, has the government accurately explained to me the
20   discussions that you have had and the time frame that we are
21   looking at in the first instance?
22              MR. FROCCARO:  Yes.  Regarding discovery, yes, and
23   regarding the time frame for the next conference, your Honor.
24              THE COURT:  Okay.  Sir, are there things specific to
25   your client that you want to make me aware of?  I realize that

1    it is very early and things will come up.

2            MR. FROCCARO:  Nothing, Judge.

3            The only thing, and I know that the Court would be

4    reluctant to get involved with a Bureau of Prisons matter, but

5    they have him in the hole, and I'm kind of hoping he doesn't

6    stay in there for the duration or the pendency of the case,

7    Judge, because it's like a hell hole, for another way to put

8    it.  It's not a nice place to be.

9            If there is anything -- if I can't convince them to

10   let him out of it, I may approach your Honor again sometime in

11   the future.

12           THE COURT:  Please do.  Okay.  I will know that we

13   have had this conversation.  All right.  Thank you.

14           One other thing, Mr. Froccaro.  At some point I

15   imagine the government is going to make an application under

16   the Speedy Trial Act.  I don't know if that came up at

17   Mr. Perez Salas's presentment.  Do you want to take a moment,

18   perhaps with the assistance of an interpreter, to speak with

19   him --

20           MR. FROCCARO:  I don't think we need it, Judge.  There

21   is so much discovery in this case, and I have no problem with

22   consenting to the exclusion until the next court appearance.

23           THE COURT:  Okay.  And I appreciate that.  May I

24   understand, then, that when you next have a chance to really

25   sit down with your client that you can answer any questions he

1  might have about the Speedy Trial Act.
2              MR. FROCCARO:  Sure, Judge.  If you want me to go into
3  it now with him, I will, if you do, but --
4              THE COURT:  It's your call, sir.
5              MR. FROCCARO:  I don't think we need it, Judge.
6              THE COURT:  I will know that you will speak to him
7  about it later.
8              MR. FROCCARO:  Yes, Judge.
9              THE COURT:  Okay.  Mr. Mendez may I have a date about
10 90 days out please, sir.
11             THE LAW CLERK:  September 5, 2024, at 12 p.m.
12             THE COURT:  Is that a date and time that works for the
13 government?
14             MR. BRADLEY:  It is, your Honor.
15             THE COURT:  Is that a date and time that works for the
16 defense?
17             MR. FROCCARO:  Yes, Judge.  Thank you.
18             THE COURT:  Okay.  Thank you.
19             Mr. Bradley, is there an application from the
20 government under the Speedy Trial Act?
21             MR. BRADLEY:  There is, your Honor.
22             The government would respectfully move that this Court
23 exclude time under the Speedy Trial Act from today's date
24 through the next scheduled court appearance on September 5 of
25 2024 under Title 18 of the United States Code 3161(h)(7)(A).

The government would respectfully submit that the proposed exclusion of time would serve the ends of justice so that the government can produce discovery and complete that production of discovery and so defense counsel can then review that discovery with an eye toward potential motion practice.

THE COURT:  Thank you very much.

And Mr. Froccaro, did I understand that you don't have an objection?

MR. FROCCARO:  No objection, your Honor.

THE COURT:  Okay.  May I speak to your client directly about this issue, sir?

MR. FROCCARO:  Of course, your Honor.

THE COURT:  Thank you.

Mr. Perez Salas, you have just been hearing us discuss the Speedy Trial Act, and to the extent you have any questions about it, Mr. Froccaro will answer those at a later date.  For now, suffice it to say that the Speedy Trial Act provides certain deadlines within which certain things must be done and that would include your case proceeding to trial.  But there are reasons or bases for me to exclude time under the act. It's like pushing pause on a video.  And one of the very common exclusions is at the beginning of the case, between the first and second conference, we exclude time because there is a finding to be made and that finding is that the ends of justice served by excluding the period of time outweigh the interest

1    that you have and that the public in general has in you getting
2    to trial more quickly.  That would be here, sir, because as we
3    have just heard from the government there is a lot of discovery
4    to produce, you need to review it, your attorney needs to
5    review it, you need to have an opportunity to have meaningful
6    discussions with him and to understand the options that you
7    have available.  And given that, that's why we are going out
8    the 90 days to give you that opportunity.  I want to be sure
9    that you have all of the time that you need.
10            So I am making that finding under the Speedy Trial
11   Act.  I am excluding time through our next conference which is
12   September 5 at 12 p.m.
13            Do you understand what I have just said, sir?
14            THE DEFENDANT:  Yes, I understand it all, your Honor,
15   and thank you very much.
16            THE COURT:  Thank you as well, sir.  Any questions,
17   you can ask Mr. Froccaro.
18            Mr. Bradley, are there other issues we should be
19   addressing this afternoon?
20            MR. BRADLEY:  No, your Honor, not from the government.
21            THE COURT:  Thank you.
22            Mr. Froccaro, anything else this afternoon?
23            MR. FROCCARO:  No, your Honor.
24            THE COURT:  All right.  Welcome aboard, sir.  Thank
25   you all very much.

O5u2PerA  kjc

1           MR. FROCCARO:  Thank you, Judge.  Take care.
2           THE DEFENDANT:  Thanks to you.
3                              oOo